

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. ...
EASTE... ...RICT WI
FILED

'07 FEB 21 P1 :38

JON W. ...FILIPPO
CLERK

UNITED STATES OF AMERICA,

Plaintiff,

v.

CALVIN HAYES,

Defendant.

Case No. 06-CR-107 (RTR)

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, and Elizabeth Blackwood, Assistant United States Attorney, and the defendant, Calvin Hayes, individually and by Attorney Rodney Cubbie, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.      The defendant has been charged in four counts of a four-count indictment which allege violations of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and (B). A penalty enhancement under Title 21, United States Code, Section 851, has been filed.

3.      The defendant has read and fully understands the charges contained in the indictment and fully understands the nature and elements of the crimes with which he has been charged and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.      The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

**COUNT FOUR**

THE GRAND JURY FURTHER CHARGES THAT:

1. On or about December 15, 2005, in the City of Milwaukee, in the State and Eastern District of Wisconsin,

**CALVIN R. HAYES, aka Buck, aka Rich Buck,**

knowingly and intentionally distributed a controlled substance.

2. The offense involved 50 grams or more of a mixture and substance containing cocaine base in the form of "crack" cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, § 841(a)(1) and (b)(1)(A).

5.      The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts set forth in Attachment A beyond a reasonable doubt. This information is provided for the purpose of setting forth a factual basis for the plea of guilty and it not a full recitation of the defendant's knowledge or participation in the offense. The defendant admits to the facts in Attachment A, and admits that these facts establish his guilt beyond a reasonable doubt.

**PENALTIES**

6.      The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: A maximum of life in prison and a $4 million fine. The count also carries a mandatory minimum of 10 years of imprisonment. The count also carries a mandatory special assessment of $100, at least five years of supervised release, and a maximum of life on supervised release.

2

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that the defendant may qualify as a career offender under the sentencing guidelines.

## DISMISSAL OF REMAINING COUNTS AND ENHANCEMENT

8. The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing. The government will also dismiss the Section 851 information.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of Distribution of a Controlled Substance as set forth in count four, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant distributed a controlled substance;
Second, the defendant did so knowingly and intentionally; and,
Third, the defendant knew the substance was a controlled substance.

## PROOF OF DRUG WEIGHT FOR STATUTORY MAXIMUM PENALTY

10. The parties understand and agree that for the penalties in 21 U.S.C. § 841(b)(1)(A) to apply, as provided in paragraph 6 above, the government must prove beyond a reasonable doubt that the offense to which the defendant is pleading guilty involved at least 50 grams of cocaine base in the form of "crack" cocaine. The defendant agrees that the government possesses sufficient, admissible evidence to meet this burden.

## SENTENCING PROVISIONS

11. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before

3

the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

14. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of defendant's criminal history.

<u>**Sentencing Guidelines Calculations**</u>

15. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the

4

defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which defendant is pleading guilty.

17. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge will consider not only the weight of the drugs alleged in the offense to which the defendant is pleading guilty, but also the weight of any additional drugs that were involved as part of the same course of conduct or common scheme or plan as the offense of conviction; and the judge will use the total weight of the drugs involved in calculating the sentencing guidelines range, even if not alleged in the offense of conviction. For purposes of determining the defendant's base offense level under the sentencing guidelines, the parties will recommend to the sentencing court that the drug quantity attributable to the defendant is at least 50 grams but not more than 150 grams of cocaine base in the form of "crack" cocaine.

## Base Offense Level

18. The government agrees to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 32 under Sentencing Guidelines Manual §2D1.1.

5

Case 2:06-cr-00107-RTR    Filed 02/21/07    Page 5 of 15    Document 25

## Role in the Offense

19.     Pursuant to Sentencing Guidelines Manual § 3B1.1 and § 3B1.2, the parties agree to recommend to the sentencing court that no adjustment be given for an aggravating or mitigating role in the offense.

## Acceptance of Responsibility

20.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Career Offender

21.     The parties acknowledge, understand, and agree that the defendant may qualify as a career offender under the sentencing guidelines. The parties further understand, acknowledge, and agree that the defendant may not move to withdraw the guilty plea solely as a result of a determination under the guidelines that he is a career offender.

## Sentencing Recommendations

22.     Both parties reserve the right to apprise the district court and the probation office of any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

6

23. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

24. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

## Court's Determinations at Sentencing

25. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

26. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

27. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

7

The defendant agrees that, during the period of any supervised release imposed by the court in this case, the defendant will provide the Financial Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms which will be provided by FLU, and will provide any documentation required by those forms. The defendant will provide FLU with such completed financial forms with required documentation within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision.

## Buy Money

28. The defendant agrees to pay jointly and severally $1400 to the ATF which represents the government "buy money" in relation to Count Four and $1100 to the State of Wisconsin, Department of Justice, Division of Criminal Investigation for the buy money in relation to Counts One and Two.

## Special Assessment

29. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## DEFENDANT'S COOPERATION

30. The defendant, by entering into this agreement, further agrees to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so. The government agrees to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand and agree that if the defendant provides substantial assistance to the government in the investigation

8

or prosecution of others, the government, in its discretion, may recommend a downward departure from: (a) the applicable sentencing guideline range; (b) any applicable statutory mandatory minimum; or (c) both. The defendant acknowledges and understands that the court will make its own determination regarding the appropriateness and extent to which such cooperation should affect the sentence.

## DEFENDANT'S WAIVER OF RIGHTS

31. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is

9

not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

32. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

33. The defendant acknowledges and understands that he will be adjudicated guilty of each offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

34. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

10

### Further Civil or Administrative Action

35.     The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement [or the Stipulation of Facts Relative to Sentencing, included in this plea agreement as Attachment 1], is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

36.     The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

37.     The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

38.     The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

39.     The defendant understands that pursuant to the Victim and Witness Protection Act and the regulations promulgated under the Act by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed.  The defendant

11

acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

40. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

41. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor

12

agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

13

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 2/19/07

CALVIN HAYES
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 2/19/07

RODNEY CUBBIE
Attorney for Defendant

For the United States of America:

Date: 2/21/07

STEVEN M. BISKUPIC
United States Attorney

Date: 2/20/07

ELIZABETH BLACKWOOD
Assistant United States Attorney

14

Case 2:06-cr-00107-RTR    Filed 02/21/07    Page 14 of 15    Document 25

## Attachment A
### *(United States v. Calvin Hayes)*

On December 15, 2005, a confidential informant (CI) contacted Carvius Williams to buy two ounces of cocaine base. The CI placed a recorded call to Williams who told the CI to meet him at the store at 38th and North. The CI went into the store and met with Williams. Williams was there with Tramell Starks and a few other men. Williams told the CI that the supplier had not arrived yet. The CI exited the store, and advised the agents of this.

The CI re-entered the store, and while he was in the back room with Williams, Starks came from the front of the store and said to Williams, "Your guy Buck is here." Williams, Starks and Buck then went into what is believed to be a bathroom, and exited moments later. Williams then handed the CI the two baggies with the cocaine base and the CI gave him $1400. The CI then left and turned the baggies over to police. The substance was tested at the Crime Lab and determined to be 52.4426 grams of cocaine base. A short time later, Williams was arrested in the store, and was carrying 7 corner cuts of crack which he later said was for personal use.

During a post-arrest statement, Williams said that the cocaine he sold to the CI was supplied by Buck, an individual who he identified as Calvin Hayes. He said he contacted Buck at 238-1131.